UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| EILEEN L. ZELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:16-CV-01293-AGF |
| DAVID DALE SUTTLE, et al., | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the renewed motion (ECF No. 28) of Defendants Michael Mindlin and Elizabeth Kurila [1] to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Ohio, Eastern Division. For the following reasons, the Court will deny the motion to transfer.

# BACKGROUND

Plaintiff Eileen Zell initiated this action in the Eastern District of Missouri on August 6, 2016. The action involves a $90,000 promissory note made to Plaintiff that was signed in 2001. The signatories to the note were Mindlin, his wife Kurila, and Mindlin's business partner Suttle in their individual capacities, and Mindlin and Suttle on behalf of their St. Louis-based architectural firm Suttle Mindlin, LLC. Plaintiff alleges that the Defendants did not repay the loan by the original due date, and instead sought

---

[1] Suttle was not a party to this action when the renewed motion was filed, having been dismissed without prejudice for lack of timely service by Plaintiff. *See* ECF No. 9. However, Plaintiff has since renamed Suttle as a Defendant in an amended complaint filed with leave of the Court on April 3, 2018. *See* ECF No. 41.

extensions on the loan, making sporadic payments through 2010. On October 12, 2010, Mindlin and Kurila, who were later joined by Suttle, filed a complaint for declaratory relief in Ohio state court. Plaintiff asserted a counterclaim for breach of promissory note and promissory estoppel. Relying on Ohio's six-year statute of limitations for written promises for the payment of money,[2] the Ohio court granted summary judgment on behalf of Mindlin, Kurila, and Suttle. This decision was affirmed on appeal. Plaintiff subsequently filed a legal malpractice suit against her Ohio state court counsel in the United States District Court for the Southern District of Ohio. *See generally Zell v. Klingelhafer*, No. 13-CV-458, 2018 WL 334386, at *1 (S.D. Ohio Jan. 8, 2018).

Plaintiff then filed this action in the Eastern District of Missouri. Mindlin and Kurila responded with a motion to dismiss on *res judicata* grounds, or in the alternative for the case to be transferred to the Southern District of Ohio. The Court granted the motion to dismiss and held that the motion to transfer was therefore moot. ECF No. 9. The United States Court of Appeals for the Eighth Circuit reversed in part, holding that Plaintiff's claims for breach of promissory note, promissory estoppel, and breach of contract were not barred by *res judicata*. *Zell v. Suttle,* 709 F. App'x 391 (8th Cir. 2017).

Mindlin and Kurila then filed this renewed motion to transfer pursuant to 28 U.S.C. § 1404(a). These Defendants reassert and renew their previously filed motion (ECF No. 4), arguing that the convenience of the parties and witnesses and the interest of justice require that the case be transferred to the Southern District of Ohio.

---

[2] *See* Ohio Rev. Code § 1303.16. Comparatively, the Missouri statute of limitations for such promises is 10 years. *See* Mo. Rev. Stat. § 516.110.

Mindlin and Kurila argue that the Southern District of Ohio will be more convenient for witnesses because the only expected witnesses will be the parties, and none of the parties resides in Missouri. Plaintiff resides in Florida, while Mindlin and Kurila state that they reside in California. Second, Mindlin and Kurila argue that Ohio would be more convenient for the parties because the attorneys for both parties are located in Ohio. Finally, these Defendants argue that the case should be transferred to Ohio to avoid piecemeal and duplicative litigation. They claim that the facts underlying this case have been litigated in both state and federal courts in Ohio, and that the enforceability of the promissory note has already been determined to be governed by the application of Ohio law.

Plaintiff incorporates her previously filed memorandum in opposition to the motion to transfer (ECF No. 6), and further responds to the renewed motion by arguing that Missouri is at least as convenient as Ohio. Plaintiff first contends that the argument concerning the ongoing litigation in the Ohio courts is moot because both the malpractice case in Ohio federal court and the Ohio state court litigation have ended. Second, Plantiff argues that it is the convenience of the witnesses, not counsel, that is at issue in a motion to transfer. Regarding potential witnesses, Plaintiff asserts that she plans to call Suttle to testify, and that Suttle lives in Missouri. Plaintiff also disputes the fact that Mindlin and Kurila do not live in Missouri.[3] Finally, Plaintiff argues that it would not be in the interest of justice to transfer this case to Ohio because it would be the "death knell'" to

---

[3] In support of this allegation, Plaintiff attaches a newspaper article from the *St. Louis Post-Dispatch* dated November 12, 2013, which states that Mindlin was at that time "splitting [his] time between STL and California." *See* ECF No. 6-1.

the case." ECF No. 31-1 at 13. Plaintiff argues that the real reason these Defendants want to transfer this case to Ohio is not for convenience of the parties, but rather because Defendants seek to reassert their statute of limitations argument based on Ohio's shorter limitations period.

## DICUSSION

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A threshold showing must be made that the action could have been filed in the proposed transferee forum. *See Caleshu v. Wangelin*, 549 F.2d 93, 96 & n.4 (8th Cir. 1977).

Once it has been established that venue would have been proper in the transferee forum, a court may then consider three broad categories of interests set forth in § 1404(a): "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Generally, "federal courts give considerable deference to a plaintiff's choice of forum and thus the party seeking a transfer. . . bears the burden of proving that a transfer is warranted." *Id.* at 695. Accordingly, unless the movants make a "clear showing" that the balance of interest is strongly in favor of a transfer, the plaintiff's choice of forum should not be disturbed. *See Ascension Health All. v. Ascension Ins., Inc.*, No. 4:15CV283 CDP, 2015 WL 5970487, at *1 (E.D. Mo. Oct. 13, 2015).

Although it is not clear to the Court that venue would have been proper in the Southern District of Ohio, neither party disputes this issue. In any event, as discussed

4

below, the balance of the § 1404(a) factors weighs against transfer. *See e.g., Burkemper v. Dedert Corp.*, No. 4:11CV1281 JCH, 2011 WL 5330645, at *1 (E.D. Mo. Nov. 7, 2011) (considering the relevant § 1404(a) factors when parties did not dispute that the case could have been brought in the alternative forum).

**Convenience of the Parties**

While the plaintiff's choice of forum is generally entitled great weight, when, as here, the plaintiff chooses a forum other than the one in which she resides, it is entitled to considerably less weight. *See Ascension Health All.*, 2015 WL 5970487, at *2. Therefore, Plaintiff's choice of this forum weighs only slightly in favor of retaining the case in this forum.

While Defendants argue that the location of counsel makes Ohio a more convenient forum, Plaintiff is correct that the location of counsel has been found to be irrelevant in determining the question of the transfer under §1404(a). *See Krakowski v. American Airlines, Inc.*, 927 F. Supp. 2d 769, 775 (E.D. Mo. 2013).

This Court therefore finds that this factor weighs slightly in favor of retaining the case in the Eastern District of Missouri.

**The Convenience of the Witnesses**

"The convenience of witnesses is said to be a primary, if not the most important, factor in passing on a motion to transfer under § 1404(a)." *Houk v. Kimberly–Clark Corp.*, 613 F. Supp. 923, 928 (W.D. Mo. 1985). The party seeking a transfer also has the burden to specify which key witnesses will be called. *Id.* Mindlin and Kurila state that only the parties are anticipated to testify, and seem to make much of the fact that none of

5

the witnesses resides in Missouri. But neither does any witness reside in Ohio. Moreover, as discussed above, Plaintiff plans to call Suttle, who lives in Missouri. Although Suttle is now a party to the case, Mindlin and Kurila still have failed to name a single witness who resides in Ohio. As such, this factor, too, weighs in favor of retaining the case in the Eastern District of Missouri.

**Interests of Justice**

The Court is not persuaded by Mindlin and Kurila's argument that transferring this case to Ohio would avoid piecemeal and duplicative litigation. Plaintiff is correct that there is no longer, if there ever was, any duplicative litigation pending in the Southern District of Ohio.[4] Moreover, this Court finds that the Eastern District of Missouri has at least as much local interest in adjudicating this claim as does the Southern District of Ohio, because a substantial portion of the events occurred here. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 260 (1981) (finding that there is a "local interest in having localized controversies decided at home"). At the time the promissory note was signed, all of the individual burrowers of the loan lived and worked full-time in St. Louis, Missouri. ECF No. 31-1. The additional signatory, and the supposed beneficiary of the loan funds,

---

[4] While Plaintiff argues that transferring this case to Ohio would be prejudicial because the Ohio federal court would apply Ohio's statute of limitations, it is doubtful that this would be the case. The Supreme Court has held that in order to preserve the advantages flowing from the state laws of the forum a plaintiff has initially selected, the choice-of-law rules "should not change following a [§1404(a)] transfer initiated by a defendant." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). Moreover, any such concern would be secondary to the issue of convenience. *See e.g.*, *Ferens v. John Deere Co.*, 494 U.S. 516, 528 (1990) (holding that the decision of whether to transfer a case under § 1404(a) should turn on "considerations of convenience, rather than the possibility of prejudice resulting from a change in the applicable law").

6

Suttle Mindlin LLC, was also a Missouri company. *Id*. Therefore, if any breach did occur, the decision to breach was presumably made in Missouri.

Accordingly, this Court finds that this factor also weighs in favor of retaining the case here.

## **CONCLUSION**

On balance, this Court finds that the 1404(a) factors weigh decidedly against transfer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Michael Mindlin and Elizabeth Kurila's renewed motion to transfer is **DENIED**. ECF No. 28.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 5th day of April, 2018.